# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

NELSON PEREZ,

    Petitioner,

vs.                                                  Case No. 4:14cv37-MW/CAS

STATE OF FLORIDA,

    Respondent.

_____/

## AMENDED REPORT AND RECOMMENDATION

On January 19, 2014, Petitioner submitted for mailing a pro se "Petition for a Writ of Error Coram Nobis and Emergency Motion for Post-conviction Relief, Motion to Vacate Judgment, Set Aside Sentence." Doc. 1. Petitioner has submitted two motions seeking leave to proceed in forma pauperis. Docs. 2 and 7.

Petitioner has also now submitted a "Motion to Vacate Judgment, Set Aside Sentence," invoking Haines v. Kerner, 404 U.S. 519 (1972), and Estelle v. Gamble, 429 U.S. 97 (1976). Doc. 6. Petitioner evidently cited those cases for the propositions that allegations in pro se pleadings are liberally construed and held to less stringent standards than pleadings filed by lawyers. See Haines, 404 U.S. at 520-21; Estelle, 429 U.S. at 106.

At the time of the initial submission, Petitioner indicated he was being detained by the Department of Homeland Security, Immigration Customs Enforcement, in the Baker County Detention Center, facing imminent deportation proceedings. Doc. 1 at 3, 19-20. Because Petitioner is not detained within the jurisdiction of the Northern District of Florida, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004), and 28 U.S.C. § 2241, it was initially recommended this case be transferred to the Middle District of Florida, which includes Baker County. *See* 28 U.S.C. § 89(b). Doc. 4. Petitioner has now been transferred to the Etowah County Detention Center in Gadsden, Alabama, which is in the Northern District of Alabama. *See* Doc. 8; 28 U.S.C. § 81(a)(6).

As noted in the initial Report and Recommendation, Doc. 4 at 2, and upon further review of Petitioner's submissions, it is apparent that Petitioner names the State of Florida as Respondent because Petitioner argues that his state court conviction in case F9-26591B from the circuit court in Miami, Florida, is based on an involuntary guilty plea resulting from the ineffectiveness of counsel for failing to advise Petitioner of the immigration consequences of entering such a plea. *See* Doc. 1 at 1-2, 4, 18-19, and Ex. B; Doc. 6; *see also* Doc. 4. Petitioner states he was charged with four counts: robbery/carjacking, burglary with assault/battery, kidnaping, and robbery/strongarm. Doc. 1 at 3. Petitioner states he was sentenced on November 18, 1997, to nine years in state prison. *Id*. at 3, 20. Petitioner now wishes to withdraw his plea in that case. *Id*. at 3, 18-20. Petitioner states he did not file this motion earlier because he was not aware of the mandatory immigration consequences until he was detained by the Department of Homeland Security on May 28, 2012. *Id*. at 4. Petitioner indicates he is unable to seek

remedy in state court. *Id.* Petitioner also indicates he "is in the midst of an Immigration Removal Proceeding for accepting a plea bargain on April 19, 2012 that has led to his immigration removal proceedings." *Id.* at 11; *see id.* at 6. It is unclear whether the April 19, 2012, plea bargain constitutes a separate case, as it is only mentioned once.

Notably, Petitioner has previously filed at least one other petition for writ of error coram nobis in this Court. *See* docket for Perez v. State of Florida, No. 4:13cv257-MW/CAS. That petition appears to have challenged a different conviction, resulting from a guilty plea entered in August 2012, and this Court transferred that case to the United States District Court for the Southern District of Florida. *See id.* at Docs. 3 and 4; Perez v. State of Florida, No. 4:13cv257-MW/CAS, 2013 WL 2250699 (N.D. Fla. May 21, 2013).

Based on the foregoing, the core claim in this challenge, as best can be determined, asserts that Petitioner's 1997 state court conviction, which apparently led to his current detention and pending deportation, resulted from an involuntary guilty plea due to counsel's ineffective assistance, in violation of the Sixth Amendment, in failing to advise Petitioner of the immigration consequences of entering such a plea in state court. *See id.* Doc. 1 at 4, 18, and Ex. B; Doc. 6; *see also* Doc. 4. Petitioner's claim is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356 (2010), that counsel must advise a non-citizen client of the immigration consequences of pleading guilty and holding that Strickland v. Washington[1] applies to such claims. Petitioner's state court

---

[1] In Strickland v. Washington, 466 U.S. 668, 692 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

conviction appears to be from a circuit court in Miami, Florida, which is in the Southern District of Florida. *See* Doc. 1 at 4 and Ex. B. Petitioner is evidently no longer serving his sentence for this state court case. *See* King v. Sec'y, Dep't of Corr., No. 6:12cv1037-Orl-36KRS, 2013 WL 1149295, at n.2 (M.D. Fla. Mar. 19, 2013) (order dismissing § 2254 petition as untimely, noting "[i]it is not clear that Petitioner is 'in custody' pursuant to a judgment of a state court as is required to obtain federal habeas relief," discussing Padilla, and indicating "the Court will assume that Petitioner is in custody and that § 2254 relief is available").

This Court does not have jurisdiction over this petition for writ of error coram nobis. As the Fifth Circuit Court of Appeals has referenced, "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) (quoting portion of district judge's order included in appendix to opinion affirming decision). "[T]he 'function of the writ of error coram nobis is to permit a court to review its own judgment,' not to provide a state inmate with an alternative avenue to challenge his conviction in federal court." Wilson v. State of Mississippi, No. 5:12cv137-DCB-RHW, 2012 WL 6018035, at *1 (S.D. Miss. Dec. 3, 2012) (quoting Sinclair, 679 F.2d at 515). Such a writ must be filed in the court of conviction, here a state court in Miami. *See* Sinclair, 679 F.2d at 514.

To the extent Petitioner is attempting to challenge, pursuant to 28 U.S.C. § 2254, his 1997 judgment or an April 2012 plea, from the state court in Miami, this Court also does not have jurisdiction. A challenge to the 1997 judgment appears untimely and, in

any event, Petitioner's argument that Padilla applies retroactively lacks merit. The U.S. Supreme Court "announced a new rule in Padilla," and, therefore, "defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding." Chaidez v. United States, — U.S. —, 133 S.Ct. 1103, 1113 (2013). Nevertheless, because this Court does not have jurisdiction to consider a § 2254 challenge, in an abundance of caution, it is respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**